THOMAS E. MULVIHILL, ESQ. (SBN 129906)
TAMIKO A. DUNHAM, ESQ. (SBN 233455)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
Oakland, CA 94607
Telephone: (510) 834-4350
Facsimile: (510) 839-1897
Email: tmulvihill@bjg.com
       tdunham@bjg.com

Attorneys for Plaintiff
CANOPIUS US INSURANCE, INC.,
a Delaware Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANOPIUS US INSURANCE, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE ROBOT MARKETPLACE, LLC, a Florida limited liability company; and TARON MALKHASHYAN, an Individual,<br><br>Defendants. | Case No.: 2:19-cv-05173<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW Plaintiff CANOPIUS US INSURANCE, INC. ("CANOPIUS" or "Plaintiff") and alleges as follows:

## JURISDICTION

1.  This is an action for declaratory judgment pursuant to 28 U.S.C. §2201, in which the amount in controversy exceeds $75,000, exclusive of costs and interest.

This Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 (a) (1) and (c) (1).

## VENUE

2.     Venue in the Central District of California is appropriate pursuant to 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1391(d) as a substantial part of the events and omissions giving rise to this action occurred in this judicial district, Defendant TARON MALKHASHYAN's residence in this judicial district and Defendant THE ROBOT MARKETPLACE, LLC's business activities and contacts within this judicial district are sufficient to subject defendants to personal jurisdiction within this judicial district.

## PARTIES

3.     Plaintiff CANOPIUS is, and at all times relevant hereto was, a corporation in good standing, organized and existing under the laws of the State of Delaware and approved as a surplus lines insurer to do business and write insurance in the State of California, with its principal place of business in Chicago, Illinois. CANOPIUS is a citizen of the State of Delaware and the State of Illinois for the purposes of diversity jurisdiction.

4.     Plaintiff is informed and believes and thereon alleges that defendant THE ROBOT MARKETPLACE, LLC ("RMLLC") is, and at all times relevant hereto was, a limited liability company in good standing, organized and existing under the laws of the State of Florida with its principal place of business in Bradenton, Florida, and authorized to do business in the State of California. Accordingly, RMLLC is a citizen of the State of Florida for the purposes of diversity jurisdiction.

5.     Plaintiff is informed and believes and thereon alleges that defendant TARON MALKHASHYAN ("MALKHASHYAN") is, and at all times relevant hereto was, an individual domiciled in the State of California.  Accordingly,

MALKHASHYAN is a citizen of California for the purposes of diversity jurisdiction.

## FACTUAL ALLEGATIONS

### The Underlying Action

6. On or about April 14, 2017, MALKHASHYAN filed a lawsuit in the Superior Court of the State of California, County of Los Angeles, Case No. BC658007, styled *Taron Malkhashyan v. Los Angeles Unified School District, et al.* ("Underlying Action"). A First Amended Complaint ("FAC") was filed in the Underlying Action on or around November 30, 2017. A Second Amended Complaint ("SAC") was filed in the Underlying Action on or around January 8, 2018. A Third Amended Complaint ("TAC") was filed in the Underlying Action on or around May 25, 2018, the present operative pleading. A true and correct copy of the TAC is attached hereto as **Exhibit A** and incorporated herein by reference.

7. The Underlying Action is a suit for personal injury. In relevant part, the Underlying Action alleges that MALKHASHYAN was a former high school student of the Los Angeles Unified School District ("LAUSD"); that MALKHASHYAN was part of a robotics team organized and sponsored by LAUSD; that on April 18, 2015, MALKHASHYAN participated in a robotics competition at the National Tooling and Machine Association ("NTMA") training center located at 12131 Telegraph Road, Santa Fe Springs, California; that the chaperon for LAUSD failed to attend the competition, leaving the students unsupervised; that the 12V 5.0ah NIMH Battery packs, component parts, and/or accessories ("Battery") obtained from RMLLC and located inside the "Optimus" robot used by MALKHASHYAN at the competition exploded; and that this explosion caused fragments from the Battery and/or from its components to strike MALKHASHYAN, including both of his eyes.

8. The Underlying Action alleges that RMLLC was in the business of,

*inter alia*, manufacturing, designing, marketing, labeling, and selling the Battery; that RMLLC intended and planned that the Battery be sold to consumers with varying degrees of experience; and that RMLLC knew or should have known that the Battery would be sold to students of varying ages and experience for educational activities. As to RMLLC, the Underlying Action asserts five (5) causes of action for Products Liability: Strict Liability, Negligence, Failure to Warn, Breach of Implied Warranties, and Breach of Express Warranties. The Underlying Action seeks general damages, medical and related expenses, economic losses, costs of suit, and other relief as deemed proper by the court.

9. On or around February 6, 2019 and February 21, 2019, MALKHASHYAN testified in the Underlying Action about the subject accident. (See **Exhibit B**, Excerpts of Deposition Testimony of Taron Malkhashyan, p. 035-052, attached hereto and incorporated herein by reference). MALKHASHYAN testified that the Battery was a product purchased from RMLLC (Exhibit B, p. 037, lines 8-13; p. 038, lines 1-2, 5-6; p. 045, lines 4-8); that the Battery was installed in the robot before the accident (Exhibit B, p. 046, lines 23-25; p. 047, lines 6-11); that MALKHASHYAN set the robot down on a workbench/table in the "pit area" (Exhibit B, p. 042, lines 3-7, 10-14; p. 050, lines 9-10, 12-16); that MALKHASHYAN was walking out to go to lunch when he was alerted that his robot was smoking (Exhibit B, p. 049, lines 14-21); that MALKHASHYAN ran over to the robot and lifted the wooden lid of the robot to determine why it was smoking (Exhibit B, p. 039, lines 2-11, 15-18; p. 040, lines 9-10; p. 048, lines 21-24); and that when MALKHASHYAN lifted the lid, the battery immediately exploded, causing battery particles to hit his eyes (Exhibit B, p. 040, lines 9-12; p. 041, lines 8-12, 19-21; p. 051, lines 11-12, 14-20, 22, 24-25).

## The Canopius Policy

10. Plaintiff insured RMLLC under Policy No. OUS018023082, covering

the period of January 6, 2015 to January 6, 2016 (hereinafter, "Policy").  A true and correct copy of the CANOPIUS Policy, redacted in form, is attached hereto as **Exhibit C** and incorporated herein by reference.

11.     Paragraph **1. Insuring Agreement** of **Section I - Coverages Coverage A Bodily Injury and Property Damages Liability** of the Policy provides, *inter alia*, that CANOPIUS will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the Policy applies; that CANOPIUS has the right and duty to defend the insured against any "suit" seeking those damages; and that CANOPIUS will have no duty to defend the insured against any "suit" for "bodily injury" or "property damage" to which this insurance does not apply.

12.     Paragraph **1. Insuring Agreement** of **Section I - Coverages Coverage C Medical Payments** of the Policy provides that CANOPIUS will pay medical expenses for "bodily injury" caused by, *inter alia*, an accident because of your operations "provided that: **(a)** The accident takes place in the 'coverage territory' and during the policy period; **(b)** The expenses are incurred and reported to us within one year of the date of the accident; and **(c)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require…."

13.     The Policy contains an **EXCLUSION – PRODUCTS-COMPLETED OPERATIONS HAZARD** (hereinafter, "Products-Completed Operations Exclusion") that modifies insurance provided under the Commercial General Liability Coverage Part of the Policy, and provides: "This insurance does not apply to 'bodily injury' or 'property damage' included within the 'products-completed operations hazard.'"  (See Ex. C, Policy, EXCLUSION – PRODUCTS-COMPLETED OPERATIONS HAZARD).  "Products-completed operations hazard" is defined in the Policy as follows:

**16.** "Products-completed operations hazard":

    **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)** Products that are still in your physical possession; or

        **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            **(a)** When all of the work called for in your contract has been completed.

            **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    **b.** Does not include "bodily injury" or "property damage" arising out of:

        **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

        **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

        **(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that

products-completed operations are subject to the General Aggregate Limit.

(See Ex. C, Policy, SECTION V – DEFINITIONS).

## Reservation of Rights

14. RMLLC tendered its defense and indemnity to CANOPIUS in the Underlying Action on or about June 15, 2017.

15. CANOPIUS declined the RMLLC tender in the Underlying Action on or about June 27, 2017 based upon the absence of coverage under the Policy for products/completed operations. RMLLC challenged this declination on or about July 25, 2017.

16. On August 18, 2017, CANOPIUS maintained its position of coverage and requested RMLLC confirm the absence of coverage under the Policy in connection with the Underlying Action. In response, RMLLC maintained its position that there was a potential for coverage afforded under the Policy.

17. On September 14, 2017, CANOPIUS agreed to defend RMLLC in the Underlying Action under a reservation of rights, including the right to file a suit for declaratory relief to seek a legally binding judgment from a Court of competent jurisdiction that no duty to defend was triggered by the Policy in connection with the Action based on the Products Completed Operations Exclusion.

18. On September 14, 2017, CANOPIUS denied coverage for medical expenses alleged in the Underlying Action under Coverage C Medical Payments of the Policy. This denial was made on the grounds that the alleged accident was not reported to CANOPIUS within one year of the accident as required by the Insuring Agreement of Coverage Part C of the Policy.

19. CANOPIUS retained counsel to defend RMLLC in the Underlying Action and is defending RMLLC in the Underlying Action.

//
//

-7-
COMPLAINT FOR DECLARATORY RELIEF
Case No. 2:19-cv-05173

# FIRST CAUSE OF ACTION

## DECLARATORY JUDGMENT – DUTY TO DEFEND

20. Plaintiff incorporates the allegations contained in paragraphs 1 through 19, inclusive, of this Complaint as though fully set forth herein.

21. The Products-Completed Operations Exclusion to the Policy precludes coverage for "bodily injury" within the products-completed operations hazard, which is defined as "bodily injury" occurring away from premises you own or rent and arising out of "your product" or "your work", except products still in your physical possession or work that has not been completed or abandoned. The products-completed operations hazard does not include "bodily injury" arising out of (1) the transportation of property, unless the injury or damage arises out of a condition in or on a vehicle, and that condition was created by the "loading or unloading" of that vehicle by an insured; (2) the existence of tools, uninstalled equipment or abandoned or unused materials; or (3) classifications identified in the Declarations to be subject to the General Aggregate.

22. The alleged "bodily injury" in the Underlying Action occurred away from premises owned or rented by RMLLC; allegedly arose out of RMLLC's product (the Battery); and the product was not in RMLLC's physical possession at the time of the alleged accident. It is further alleged that the Battery was installed in the stationary Optimus robot at the time of the alleged accident. Thus, the Products-Completed Operations Exclusion precludes coverage under the Policy.

23. A justiciable controversy exists between Plaintiff and Defendants concerning the Plaintiff's obligation to defend RMLLC under the Policy in connection with the Underlying Action.

24. Plaintiff desires a judicial determination with respect to the rights, duties, and obligations of Plaintiff as to the duty to defend RMLLC in the Underlying Action under the terms and conditions of the Policy in order to bind all

Defendants to the determination of this Court.  Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties, and obligations.

25. Plaintiff has no adequate remedy at law to resolve the aforementioned controversy.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT – DUTY TO INDEMNIFY

26. Plaintiff incorporates the allegations contained in paragraphs 1 through 25, inclusive, of this Complaint as though fully set forth herein.

27. Plaintiff avers that for the reasons set forth above, the Policy does not afford coverage for any potential judgment that may be rendered against RMLLC in the Underlying Action or for any settlement that may be entered into in connection herewith.  Accordingly, there is no duty to indemnify RMLLC triggered under the Policy.  Defendants deny this contention.

28. Plaintiff further avers that there is no duty to indemnify RMLLC for the medical expenses claimed in the Underlying Action under Coverage C of the Policy as the medical expenses were not reported to Plaintiff within one year of the date of the alleged accident.  Defendants deny this contention.

29. A justiciable controversy exists between Plaintiff and Defendants concerning Plaintiff's obligation to indemnify RMLLC under the Policy with respect to the Underlying Action.

30. Plaintiff desires a judicial determination with respect to the rights, duties, and obligations of Plaintiff as to the duty to indemnify RMLLC with respect to the Underlying Action under the terms and conditions of the Policy in order to bind all Defendants to the determination of this Court.  Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties, and obligations.

31. Plaintiff has no adequate remedy at law to resolve the aforementioned controversy.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a declaration of this Court binding as to all Defendants which directs that the Policy provides no duty to defend RMLLC in connection with the Underlying Action;

2. For a declaration of this Court binding as to all Defendants which directs that the Policy provides no duty to indemnify RMLLC in connection with the Underlying Action;

3. For Plaintiff's costs of suit incurred herein; and

4. For all such other and further relief as the Court may deem just and proper.

DATED: June 13, 2019          BOORNAZIAN, JENSEN & GARTHE
                              A Professional Corporation


                              By:     */s/ Thomas E. Mulvihill*
                                   THOMAS E. MULVIHILL, ESQ.
                                   TAMIKO A. DUNHAM, ESQ.
                                     Attorneys for Plaintiff,
                              CANOPIUS US INSURANCE, INC.

28040\802492